Sarah Heaton Concannon (SDNY Bar Code #SC9111)
SECURITIES AND EXCHANGE COMMISSION
100 F Street, N.E.
Washington, DC 20549
Telephone: (202) 551-5361
Facsimile: (202) 772-9282
Email: ConcannonS@sec.gov

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC# _____
DATE FILED: 8/1/18

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                        Plaintiff,

        – against –

WILLIAM Z. ("BILLY") MCFARLAND
FYRE MEDIA, INC.
MAGNISES, INC.
GRANT MARGOLIN
DANIEL SIMON

                       Defendants.

-----------------------------------------------------------------x

18-CV-6634

ECF CASE

## FINAL JUDGMENT AS TO DEFENDANTS
## WILLIAM Z. ("BILLY") MCFARLAND, FYRE MEDIA, INC., AND MAGNISES, INC.

The Securities and Exchange Commission ("Commission") having filed a Complaint and William Z. ("Billy") McFarland ("McFarland"), Fyre Media, Inc. ("Fyre Media"), and Magnises, Inc. ("Magnises") (collectively, "Defendants") having entered a general appearance; consented to the Court's jurisdiction over each of Defendants and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; waived any right to appeal from this Final Judgment; and, as to Defendants Fyre Media and Magnises, without admitting or denying the allegations of the Complaint (except as to jurisdiction):

1

**I.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from, directly or indirectly, violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

**II.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or

instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendants' officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendants or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendants McFarland and Fyre Media are permanently restrained and enjoined from violating, directly or indirectly Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e] by, unless a registration statement is in effect as to a security:

(a) making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) offering or selling securities in unregistered nonexempt transactions in interstate commerce.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) officers, agents, servants, employees, and attorneys of Defendants McFarland and/or Fyre Media; and (b) other persons in active concert or participation with Defendants McFarland and/or Fyre Media, or with anyone described in (a).

## IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant McFarland is permanently restrained and enjoined from violating, directly or indirectly Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless such registered in accordance with subsection (b) of Section 15.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant

McFarland's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant McFarland or with anyone described in (a).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)] and Section 20(e) of the Securities Act [15 U.S.C. § 77t(e)], Defendant McFarland is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78*l*] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant McFarland is permanently restrained and enjoined from, directly or indirectly, including, but not limited to, through any entity he owns or controls, participating in the issuance, purchase, offer, or sale, of any security, provided, however, that this Final Judgment shall not prevent him from purchasing or selling securities for his own personal account.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that:

(a) Defendants McFarland and Fyre Media are jointly and severally liable for disgorgement of $7,900,000, representing their profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $362,481.72;

(b) Defendant McFarland is liable for disgorgement of $16,500,000, representing his profits gained as a result of the conduct alleged in the Complaint regarding Fyre

    Festival, together with prejudgment interest thereon in the amount of $757,082.09; and

(c) Defendants McFarland and Magnises are jointly and severally liable for disgorgement of $3,000,000, representing their profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $137,651.28.

Defendants' payment of these amounts shall be deemed satisfied by the entry of an order of restitution and/or forfeiture against Defendant McFarland in a related criminal case in the Southern District of New York, *United States v. William McFarland*, 1:17-cr-00600 (S.D.N.Y.) (NRB). No civil penalty is imposed against Defendants in this Final Judgment in consideration of the incarceration to which Defendant McFarland is subject in *United States v. William McFarland*, 1:17-cr-00600 (S.D.N.Y.) (NRB).

### VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent of each Defendant is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants shall comply with all of the undertakings and agreements set forth therein.

### IX.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code [11 U.S.C. § 523], the allegations in the complaint are true and admitted by Defendant McFarland, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant McFarland under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by

Defendant McFarland of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code [11 U.S.C. § 523(a)(19)].

## X.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 7/31, 2018

_____
UNITED STATES DISTRICT JUDGE